IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-cv-0100-MJR |
| | ) |
| ILLINOIS INDUSTRIAL | ) |
| COMMISSION, and AMEROCK CORP., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

On February 2, 2006, *pro se* plaintiff Andrew Simpson filed with this Court a "notice of petition for removal" (Doc. 1). Therein, Simpson asserts that this Court has subject matter jurisdiction over the underlying matter pursuant to **28 U.S.C. §§ 1331, 1441(b),** and **1446.** Simpson lists three issues that he asserts are "questions of federal law," and incorporates by reference an appellate brief filed in the Circuit Court of St. Clair County, Illinois, which, according to Simpson "more fully describe[s]" those questions. Having carefully reviewed Simpson's assertions in this document, as well as those in Simpson's "notice of petition for removal," this Court **FINDS** that it lacks subject matter jurisdiction over this case, that Simpson's cause of action is not properly removed to this Court, and that Simpson's cause of action fails to survive **28 U.S.C. § 1915(e)** review.

Despite Simpson's assertions that this matter involves "questions of federal law," a review of the underlying matter in its entirety makes it is clear to this Court that Simpson simply is asking this Court to review certain orders issued by the Industrial Commission of the State of Illinois

regarding a worker's compensation claim.

This case first originated over twenty years ago when Simpson filed an Illinois State worker's compensation application for adjustment of claim for injuries he allegedly sustained on August 27, 1981, during the course of his employment with his then-employer, Amerock Corporation. The matter was dismissed on July 8, 1985, for want of prosecution. On July 8, 1992, Simpson filed a motion to reinstate his claim. Simpson asserted he was suffering from a legal disability that tolled the time period in which he was allowed to seek reinstatement. According to the record of this matter, Simpson's disability is the result of numerous psychiatric problems, including personality disorder, depression with psychotic features, polysubstance abuse, and major affective disorder. The Illinois Industrial Commission reinstated the claim but stayed any further action pending the elimination of Simpson's disability.

The record before this Court reveals that on February 27, 2001, Simpson filed a petition for an immediate hearing pursuant to **§ 19(b-1) of the Illinois Worker's Compensation Act, 820 ILCS 305/19(b-1)**. Ultimately, Simpson, through his guardian *ad litem,* was allowed to proceed, and on April 21, 2004, a hearing was conducted. After hearing all the evidence, the arbitrator entered an order in which he denied Simpson compensation on the basis Simpson had failed to meet his burden of proof. On October 29, 2004, the Illinois Industrial Commission affirmed and adopted the decision of the arbitrator.

Since the issuance of that order, Simpson has appealed the Commission's decision to both the Circuit Court for St. Clair County, Illinois, as well as the Illinois Appellate Court, Fifth District. Both Courts have affirmed the Commission's decision.

Not satisfied with these results, Simpson now asks the federal judiciary to resolve his

Illinois worker's compensation claims. While purportedly asserting "questions of federal law," it is clear to this Court that Simpson's present "removal" of his cause of action to this Court is nothing more than another attempt by Simpson to appeal a decision which repeatedly has been affirmed by those Courts *properly* reviewing that decision.

This Court does not have subject matter jurisdiction over this matter. **28 U.S.C. § 1445(c)** states "[a] civil action in any State court arising under the workmen's compensations laws of such State may not be removed to any district court of the United States." As mentioned, Simpson's action arose out of **§ 19(b-1) of the Illinois Worker's Compensation Act, 820 ILCS 305/19(b-1).** Accordingly, Simpson's action cannot be removed to this Court.

In addition, Simpson's removal itself is improper. Even if this Court did have subject matter jurisdiction over this matter, **28 U.S.C. §§ 1441(b)** and **1446** only allow a case to be removed by the "*defendant or defendants.*" *Id.* Simpson is not a defendant in this matter.

Moreover, even if this Court did have jurisdiction over this matter, *and* the case was properly removed, dismissal would be proper pursuant to **28 U.S.C. § 1915(e)(2).** Simpson has filed with this Court a "motion for leave to proceed in forma pauperis" (Doc. 3). Section **1915(e)(2)** requires federal courts to carefully screen the complaints filed by pauper status movants. This Court must *dismiss* any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.*

Simpson's complaint does not survive **§ 1915(e)(2)** review. For the reasons stated above, to the extent Simpson's complaint is simply an appeal of the decision of the Illinois Industrial Commission, it fails to state a claim upon which relief can be granted by this Court. To the extent

that Simpson asserts claims that might possibly be construed as questions of federal law – and not simply attempts to appeal the decision of Industrial Commission of the State of Illinois – the Court finds these assertions frivolous.

In reviewing Simpson's "complaint" this Court bears in mind that it must construe pro se complaints liberally. *Ciarpaglini v. Saini,* **352 F.3d 328, 330 (7th Cir. 2003).** More specifically, the Court accepts any factual allegations in the complaint as true and draws all reasonable inferences in Simpson's favor. *See Jogi v. Voges,* **425 F.3d 367, 371 (7th Cir. 2005),** *citing Transit Express, Inc. v. Ettinger,* **246 F.3d 1018, 1023 (7th Cir. 2001).**

Even viewing Simpson's allegations in this favorable light, Simpson's complaint fails to pass muster. First, Simpson asks this Court to determine whether he was deprived due process when the Illinois Industrial Commission Chairman was "in violation of **42 U.S.C. § 12203.**" Section **12203** prohibits retaliation, coercion, intimidation, threats, or interference against anyone asserting their rights under that statute. **42 U.S.C. § 12203.** Have scoured the entire record submitted by Simpson, this Court finds absolutely no evidence or basis of any violation of **42 U.S.C. § 12203** by any individual. No reasonable person could find Simpson's allegations meritorious. *See Lee v. Clinton,* **209 F.3d 1025, 1026 (7th Cir. 200);** *Neitzke v. Williams,* **490 U.S. 319, 325 (1989).**

Secondly, Simpson alleges violations of **5 U.S.C. § 577.** Section **577** is a federal law provision entitling parties to arbitration proceedings to participate in the selection of an arbitrator, and requires that the arbitrator be a neutral. **5 U.S.C. § 577.** This is a federal statute and is inapplicable to *Illinois* state arbitration proceedings. Moreover, Simpson cites two Federal Rules of Civil Procedure in his "notice of removal," apparently asserting that the Illinois Industrial Commission failed to adhere to these rules. The Illinois Industrial Commission, is not now – nor

ever was – subject to the Federal Rules of Civil Procedure in making the decisions it made in the underlying matter.

This matter has no place in federal court. The Court hereby **DISMISSES** *with prejudice* Simpson's cause of action for a lack of subject matter jurisdiction, for being improperly removed, and for failing to survive scrutiny under **§ 1915(e)(2).**

**IT IS SO ORDERED.**

**DATED this 5th day of May, 2006.**

s/Michael J. Reagan  
**MICHAEL J. REAGAN**  
**United States District Judge**
